IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.    11-cv-03392-WYD

IN RE: XP ENTERTAINMENT, LLC
EIN:   04-3639786

    Debtor,

JEFFREY L. HILL, Chapter 7 Trustee,

    Plaintiff,

v.

FELD MOTOR SPORTS, INC.,

    Defendant.

# ORDER

    THIS MATTER comes before the Court on Defendant's Motion for Withdrawal of Reference (ECF No. 1), filed December 28, 2011.   Defendant's motion was transmitted from the Bankruptcy Court and assigned to me.   Defendant seeks a permissive withdrawal of the Complaint in the Adversary Proceeding pursuant to 28 U.S.C. § 157(d), which asserts one claim for a preferential transfer under 11 U.S.C. § 547(b).

    By way of background, the Trustee filed the Adversary Proceeding Complaint on September 23, 2011.   In its answer, the Defendant, among other things, requested a jury trial.   Related to its request for a jury trial, Defendant filed the pending Motion for Withdrawal of Reference, arguing that it is entitled to a jury trial.[1]   Plaintiff opposes the

---

[1] Defendant does not consent to a jury trial in the Bankruptcy Court.

motion, asserting that while Defendant may be entitled to a jury trial, "withdrawal of the reference is not appropriate at this stage of the instant adversary proceeding."  (Resp. at 3, ECF No. 3).   For the reasons stated below, I find that the motion should be granted.

Under 28 U.S.C. § 157(d), the district court may withdraw its reference of a case to the Bankruptcy Court on motion of a party or on its own motion "for cause shown" and must withdraw the reference in certain circumstances where the proceedings implicate both the provisions of Title 11 of the United States Code and other sources of federal law. 28 U.S.C. § 157(d) (2006).   Neither Plaintiff nor Defendant contends that withdrawal is mandatory in this case, and I agree.   Because bankruptcy courts may not conduct jury trials, *In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990), proof of a right to a jury trial may constitute cause for permissive withdrawal.   *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).   Moreover, it appears that Plaintiff does not contest the fact that Defendant is entitled to a jury trial on the preferential transfer claim.   Instead, Plaintiff bases its opposition on the grounds of judicial economy and the fact that the Bankruptcy Court is more familiar with the underlying facts of this matter.

I find that the reference should be withdrawn because the Defendant has a seventh amendment right to a jury trial when sued by a trustee to recover an alleged preferential transfer.   *Langenkamp v. C.A. Culp*, 498 U.S. 42, 45 (1991); s*ee Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 64 (1989).   However, I am mindful of Plaintiff's judicial economy argument, and I agree that the Bankruptcy Court is more familiar with the background of this case and its core bankruptcy issues.   Thus, while I am granting the Defendant's motion to withdraw the reference, I find that it is appropriate

to remand this action to the Bankruptcy Court to consider and determine all pre-trial issues including discovery and the approval of the final pre-trial order.   Once all pre-trial matters are completed, I will schedule and conduct a jury trial on the merits.   Accordingly, it is

ORDERED that Defendant's Motion for Withdrawal of Reference (ECF No. 1) is **GRANTED.**   It is

FURTHER ORDERED that this matter is **REMANDED** to the Bankruptcy Court for that court to consider and determine all pre-trial issues.   It is

FURTHER ORDERED that once discovery and other pre-trial phases of the case (including approval of the final pre-trial order) are completed, I will schedule and conduct a jury trial on the merits.

Dated:   May 7, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge